NORTHCUTT, Judge.
 

 In Monticello Austin’s trial for lewd and lascivious crimes, the State was allowed to elicit testimony that Austin had used and purchased marijuana with the alleged victim’s father. The improper admission of this evidence warranted a mistrial, but that motion was denied. We reverse Austin’s convictions and remand for a new trial.
 

 Austin and his wife were Mends with another couple and frequently visited their home. During one such visit, Austin was in the bathroom when the hosts’ five-year-old daughter walked in on him. According to the State’s theory of the case, Austin showed his penis to the child and enticed her into touching it. The defense asserted that she entered the bathroom uninvited while Austin was urinating and touched him before he could cover himself.
 

 Although Austin later contended that the girl’s parents knew she had previously barged in on him, he did not inform them of this incident at the time it happened. Instead, they learned about it some months later when the child saw her father urinating and made a comparison to Austin. Needless to say, the parents ended
 
 *1027
 
 their relationship with Austin and his wife, but they did not call the police. Approximately a year later, when the parents were in the process of getting divorced, the father mentioned the episode during a mediation session. He then contacted the police at the mediator’s urging.
 

 At trial, the State questioned the father about his delay in reporting the incident to the police. He testified that he wanted to spare his daughter and protect the family. On cross-examination, however, he admitted telling law enforcement that he had been reluctant to involve the police because there had been marijuana sales at his home. The State then asked about this on rebuttal, and the father testified that he occasionally smoked marijuana with Austin and that they sometimes would split the cost of purchasing a small amount. The defense objection to this testimony was overruled, and its motion for mistrial denied. Austin was convicted of lewd and lascivious molestation, § 800.04(5), Fla. Stat. (2006), and lewd and lascivious exhibition, § 800.04(7). He was classified as a sexual predator and was sentenced to twenty-five years in prison followed by life probation for the molestation charge with a concurrent fifteen years in prison for the exhibition charge.
 

 Austin raises five issues on appeal, but we find it necessary to address only one. The testimony about Austin’s past use and purchase of an illegal drug was inadmissible character evidence that had no relevance to a material fact in issue.
 
 See
 
 § 90.404(2), Fla. Stat. (2008) (codifying the rule in
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959), pertaining to admission of similar fact evidence of other crimes). The evidence did not bear on “motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.”
 
 Id.
 
 Moreover, the State failed to give the required pretrial notice of its intention to employ
 
 Williams
 
 rule evidence, and so the trial court was not afforded an opportunity to make the necessary determinations before admitting it, namely
 

 whether the defendant committed the prior crime, whether the prior crime meets the similarity requirements necessary to be relevant as set forth in our prior case law, whether the prior crime is too remote so as to diminish its relevance, and finally, whether the prejudicial effect of the prior crime substantially outweighs its probative value.
 

 Robertson v. State,
 
 829 So.2d 901, 907-08 (Fla.2002) (footnotes omitted). Nor was the jury charged on the limited purpose for which the evidence was admitted.
 
 See id.
 

 We reject the State’s argument that Austin opened the door to this testimony. “Opening the door” is an evidentia-ry concept that permits the admission of otherwise inadmissible testimony in order to qualify, explain, or limit previously admitted testimony or evidence.
 
 Overton v. State,
 
 801 So.2d 877, 900 (Fla.2001). The normally inadmissible evidence is allowed when fairness and the search for the truth require a fuller explication of evidence that otherwise would have been incomplete and misleading.
 
 Hudson v. State,
 
 992 So.2d 96, 110 (Fla.2008). Thus, a party “opens the door” when it elicits misleading testimony or makes a factual assertion that the opposing party has a right to correct so that the jury will not be misled.
 
 Robertson,
 
 829 So.2d at 913. For example, a defendant’s evidence of his good character may open the door to impeachment with evidence of the defendant’s bad character.
 
 Robertson,
 
 829 So.2d at 912.
 

 That is not what happened in this case. Here, the defense made a limited inquiry into the father’s reasons for not calling the police until he was prompted to do so by a
 
 *1028
 
 third party long after the event. The question and answer did not implicate Austin’s character. The father’s response was complete, and it required no further explication. Thus, we reject the State’s argument that the defense opened the door to this testimony.
 

 Neither do we agree with the State’s assertion that any error in the admission of this testimony was harmless. The erroneous admission of evidence of collateral crimes is presumed harmful.
 
 Smith v. State,
 
 743 So.2d 141 (Fla. 4th DCA 1999) (citing
 
 Castro v. State,
 
 547 So.2d 111 (Fla.1989)). An error may be found to be harmless only when there is no reasonable possibility that it contributed to the conviction.
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). This was a close case in which Austin’s defense rested on the jury’s assessment of his credibility and character. Certainly, that assessment could easily have been affected by the improper evidence.
 

 Reversed and remanded for a new trial.
 

 CASANUEVA, C.J., and KELLY, J„ Concur.